McBRIDE, Judge.
The defendant has appealed from a judgment in plaintiff’s favor for $105.10, purportedly representing labor and parts furnished in repairing two water heaters in the premises of defendant. Plaintiff alleges that the work was performed between March 15 and March 22, 1951. The defense is that plaintiff was employed only to remedy a leak in one heater, and if he did other work, such other work was unauthorized.- In the alternative, it is contended that the bills presented by plaintiff are exorbitant.
Heintz, defendant’s agent, telephoned plaintiff’s establishment requesting that a leak in a water heater in one of defendant’s apartments be repaired. The plaintiff was unable to say who - it was in his establishment received Heintz’s call, but at any rate a mechanic named Enriques was dispatched to defendant’s premises.
Enriques testified that he went to 2817 Carondelet Street and “pulled” (meaning that he removed) a Hoffman T-45 heater from the left-hand rear apartment and the heater was subsequently replaced after being overhauled. Enriques also pulled a Humphrey coil heater in the rear yard apartment “for overhaul.”
Plaintiff produced job reports but we must say.it is difficult, if not impossible, to reconcile these with the testimony and the allegations contained in the petition. For. instance, -the job reports for the work to the water heater in the left rear apartment cover the period March 8, 1951 through March 27, 1951. = The' allegations are that the work was done between March 15 and March 22.
Analyzing the job reports we find this:. On March 8 a heater was removed for “overhaul”; March 9 “completely overhauled and painted, took coils and prstop to Southern Heater Company”; March 17 “pulled 45 T for overhaul, repaired 2 sloan valves, toilet running”; March 21 “complete overhaul, waiting for coils for T 45 Hoffman”; March 22, “picked up coils and installed in htr. Heater to be installed”; March 26 “thermostat would not cut back and took apart, changed spring, cleaned out scale, regulated and tested”; March 27 “heater not giving any hot water, raised temp, of water not hot enough.”
Plaintiff charged $54.80, the bill evidently including the repairing of the toilet of which no mention was made by either plaintiff or his mechanic while on the witness stand.
Defendant’s contention is that plaintiff was summoned only to repair a leak and that the overhauling of the heater was unauthorized. The testimony is that the heater had been damaged by a freeze and we gather from the job sheets the damage was sufficient to necessitate that certain parts be replaced and that the water heater be overhauled in order to correct the leak.
But it appears there must have been some duplication in the charges for this particular job and also that the bill included the work on the toilet as having been done to the heater. Plaintiff testified he charges $6.50 per- hour for the mechanic and a helper and that he adds fifty percent to his cost on all parts furnished on a job. We find from the job reports that the mechanic’s time could not have exceeded four hours for which we think plaintiff should be allowed to recover $26 plus $20.29 for the parts (calculated on plaintiff’s formula) making a total of $46.29.
However, it seems that defendant’s agent had never authorized any repairs to the heater in the apartment in the yard for which $50.30 was charged. There is no showing that this heater was defective or the mechanic’s work was necessary; furthermore, one job report is dated March 24, 1951, or after the date the petition alleges the work was completed. We notice *573 also that included in the job reports sup-, posedly covering the heater work is one for replacement of parts to a toilet.
We do not think that plaintiff is entitled to a recovery for any work his mechanic might have done to the heater in the rear back yard apartment.
It is argued that if plaintiff is denied a recovery there will be an unjust enrichment on the part of the defendant. We do not think that the familiar rule as to one’s unjustly enriching himself at another’s expense should be applied. This is not an instance where defendant makes no complaint but accepts the benefits of the work, because the testimony convinces us that neither the defendant nor his agent had knowledge that any work had been done to the water heater in the yard apartment until plaintiff rendered his bill whereupon defendant made vehement complaint.
For the reasons assigned, the judgment appealed from is reduced to the sum of $46.29, and as thus, amended and in all other respects, it is affirmed.
Plaintiff-appellee is to pay the costs of appeal.
Amended and affirmed.